# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BOLYARD,<br><br>Plaintiff,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>Defendant. | Case No.  1:24-cv-01112-JLT-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 30) |

On April 18, 2024, Plaintiff, on behalf of herself and a class of others similarly situated, filed this action in the Northern District of Illinois.  (ECF No. 1.)  On May 30, 2024, Defendant Walgreens Boots Alliance, Inc. filed a motion to dismiss, which was stayed.  (ECF Nos. 14, 18.)  On September 18, 2024, the matter was transferred to the Eastern District of California.  (ECF Nos. 21, 22.)  On September 26, 2024, this matter was related to <u>Navarro v. Target Corp</u>., No. 1:24-cv-00280-JLT-SAB, and the matter was reassigned.  (ECF No. 27.)  On October 3, 2024, the Court lifted the stay of the motion to dismiss and ordered the parties to file a stipulated briefing schedule.  (ECF No. 28.)  On October 15, 2024, the parties filed a stipulation of voluntary dismissal without prejudice, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  (ECF No. 30.)

Rule 41(a)(1)(A)(ii) "provides for dismissal by filing a stipulation of dismissal signed by all parties who have appeared in the action."  <u>Kokkonen v. Guardian Life Ins. Co. of Am</u>., 511 U.S. 375, 378 (1994); <u>Kelly v. Wengler</u>, 822 F.3d 1085, 1095 (9th Cir. 2016)).  Courts do not

generally consider a motion to dismiss to be an answer or a motion for summary judgment for purposes of Rule 41.  See Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."). Notwithstanding that Defendant has filed only a motion to dismiss in this matter, the parties have stipulated to dismissal of this action pursuant to Rule 41(a)(1)(A)(ii).

While Plaintiff has brought this case as a putative class action, the Court agrees with the parties that Rule 41(a) applies in the disposition of this matter and not Rule 23(e) because no class has been certified and the matter is being dismissed without prejudice.  Frias v. G4S Secure Sols. (USA) Inc., No. 1:20-cv-00403-AWI-SAB, 2021 WL 2894453, at *1 (E.D. Cal. July 9, 2021) ("On December 1, 2003, Rule 23(e) was amended to allow the 'parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified.'"); see also Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012).[1]

In light of the stipulation of the parties, this action has been terminated and has been dismissed without prejudice as to all claims and causes of action, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), with each party bearing that party's own attorney's fees and costs.

Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case

---

[1] Courts continue to have differing views on this issue because the Ninth Circuit has not yet reconciled its 1989 precedent, Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401 (9th Cir. 1989), with the 2003 amendment to Rule 23.  See, e.g., Pineda v. Sun Valley Packing, L.P., No. 1:20-cv-00169-ADA-EPG, 2023 WL 2793879, at *1 (E.D. Cal. Apr. 5, 2023) ("Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred."); Gutierrez v. J.M. Distrib., Inc., No. SA CV 20-00617-DOC-JEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); Albers v. Yarbrough World Sols., LLC, No. 5:19-cv-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("[C]ourts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments . . . [b]ut our decisions have 'generally assumed that it does' apply . . . and this Court will follow Diaz to evaluate the proposed settlement and dismissal here."). However, this Court maintains its previous view and agreement with other courts that the 2003 amendment changed Rule 23(e) rendering Diaz inapplicable.  See Frias, 2021 WL 2894453, at *1; Hall v. W. Ref. Retail, LLC, No. 5:19-cv-00855VAP-SKx, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021) ("Although some courts in this circuit have continued to apply Diaz, others have declined to do so in light of the amendments to Rule 23 . . . [and] [t]he Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23.").

and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **October 16, 2024**

UNITED STATES MAGISTRATE JUDGE

3